**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH HOLLINS,** | ) | **CASE NO.  3: 12 CV 1423** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DEB TIMMERMAN-COOPER,** | ) | |
| Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 12) recommending that the Court dismiss petitioner's pending Petition for a Writ of *Habeas Corpus*.  Petitioner has filed objections to the Report and Recommendation.  For the reasons stated below, the Court accepts the Report and Recommendation.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), the district court reviews *de novo* "any part of [a] magistrate judge's disposition that has been properly objected to."  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

1

**Background**

Petitioner was arrested in December 2009 and subsequently charged in a one-count indictment with one count of possession of a controlled substance, heroin, in an amount that equals or exceeds 250 grams. Petitioner initially pled not guilty to the charge but changed his plea to no contest on September 7, 2010, after the state trial court denied his motion to suppress evidence. The state trial court sentenced petitioner to a nine-year term of imprisonment followed by five years of post-release control.

At the hearing on petitioner's motion to suppress, the state trial court found the following facts. On December 12, 2009, Ohio State Highway Patrol Trooper Jacob Fletcher discovered heroin in the trunk of a rental vehicle in which petitioner was a passenger. Trooper Fletcher initiated a stop of the vehicle on Interstate 75 after determining that the vehicle was speeding. Trooper Fletcher discovered that the vehicle was rented and that the driver was not listed as a permissible driver on the rental agreement.

The driver was asked to exit the vehicle and consented to being frisked. He was placed in Trooper Fletcher's vehicle while petitioner remained in the car. When the driver was asked about his travel, he stated that he and his brother (petitioner) were driving from Detroit to Dayton to pick up his cousin and that he (the driver) had been in Dayton the night before. Trooper Fletcher requested that a canine unit report to the site of the traffic stop and that the post dispatcher contact the rental car company to determine if a non-listed driver was permitted to operate the vehicle.

Trooper Fletcher then returned to the vehicle and questioned petitioner. When asked about his travel destination, petitioner stated that he and the driver were traveling to pick up

2

their cousin in Dayton; however, petitioner stated that the driver had not been in Dayton the night before. Trooper Fletcher returned to his cruiser to verify the driver's prior statements about being in Dayton the night before. The driver again stated that he had been in Dayton.

A canine unit arrived at the scene and Trooper Fletcher was informed that neither the driver nor the petitioner was permitted to drive the rental vehicle. The canine was walked around the motor vehicle and alerted on the stopped vehicle while petitioner was still in the passenger seat. Petitioner was then ordered out of the vehicle and a plastic bag of a green, leafy substance was found on his person. In a subsequent search of the vehicle, Trooper Fletcher found a plastic bag containing what appeared to be heroin in the trunk of the car.

Petitioner moved to suppress the heroin found in the trunk of the car, arguing that Trooper Fletcher had unnecessarily extended the duration of the traffic stop in order to conduct a more intrusive search for which he had no probable cause, but the state trial court denied the motion. After a hearing, the state trial court found that Trooper Fletcher was "reasonable and diligent" by investigating whether the driver was authorized to operate the rental vehicle and that the "extension of the traffic stop had not been unconstitutionally prolonged at the time of the canine sweep." (R&R at 5.)

Petitioner timely appealed from the state court's judgment, asserting two assignments of error: (1) that the trial court committed reversible error when it denied petitioner's motion to suppress the heroin discovered in the trunk of the rental vehicle during a warrantless search in violation of his rights under the Fourth and Fourteenth Amendments; and (2) that petitioner's counsel's failure to challenge the highway patrol trooper's extension of the search from the passenger compartment to the locked trunk violated his right to effective assistance

3

of counsel under the Sixth and Fourteenth Amendments.

The Ohio Court of Appeals affirmed the judgment of the trial court, finding that Trooper Fletcher did not prolong the detention any longer than necessary to effectuate the purpose of the stop and that petitioner "was not unconstitutionally seized at the moment the canine alerted to the vehicle, which gave Trooper Fletcher probable cause to search the vehicle." (R&R at 7.) The Court of Appeals also rejected petitioner's claim of ineffective assistance of counsel stemming from petitioner's counsel's failure to challenge the extension of the search from the compartment to the trunk. The Court of Appeals concluded that any such challenge would have failed because petitioner lacked standing as a passenger to challenge the search of the vehicle and its contents.

Petitioner sought leave to appeal to the Ohio Supreme Court, asserting:

(1) An investigation into the contractual rights of the driver under a standard rental agreement does not qualify as a routine "background check" that will justify the detention of the vehicle and its occupants following a traffic stop;

(2) A passenger in a motor vehicle rented by an absent third party has a reasonable expectation of privacy in its contents and standing to challenge the scope of a warrantless search if the evidence demonstrates he had consent of the third party renter to use the vehicle; and

(3) A defense attorney renders ineffective assistance in violation of his client's Sixth and Fourteenth Amendment rights when he fails to challenge the expansion of a search from the passenger compartment to the trunk of a vehicle on the grounds that the trunk and a passenger compartment are subject to different standards of probable cause.

(R&R at 7-8.) The Ohio Supreme Court denied petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. On June 6, 2012, petitioner filed the pending petition for a writ of *habeas corpus* asserting the same claims he asserted in support of jurisdiction in the Ohio Supreme Court.

**Discussion**

The Magistrate Judge considered petitioner's claims on *habeas* review and recommended that the petition be dismissed. The Magistrate Judge found that petitioner's first two claims, based on asserted Fourth Amendment violations stemming from the scope of the warrantless search of the rental car, were not cognizable on *habeas* review under *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence [used against him was] obtained in an unconstitutional search or seizure." *Id*. at 495. The Sixth Circuit adheres to *Stone* and recently acknowledged: "Long-standing precedent precludes us from granting habeas relief based on a state court's failure to apply the exclusionary rule of the Fourth Amendment, unless the claimant shows that the State did not provide him 'an opportunity for full and fair litigation of [his] Fourth Amendment claim.'" *Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012), citing *Stone*, 425 U.S. at 495. The Magistrate Judge found that petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the proceedings before the state trial court and the state appellate court.

The Magistrate Judge also rejected petitioner's claim that his counsel was ineffective. The Magistrate Judge found that the state appellate court appropriately determined that petitioner could not show that his counsel's alleged error – failing to challenge Trooper Fletcher's expansion of his search from the rental vehicle's passenger compartment to its trunk – prejudiced petitioner as is necessary to show ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner sets forth four objections to the Report and Recommendation challenging the Magistrate's Judge's determination that he lacks a cognizable Fourth Amendment claim. Petitioner objects that: (1) the Magistrate Judge erred in relying on a factual finding made by the state trial court regarding when Trooper Fletcher was advised that the rental car company wanted the rental vehicle detained; (2) he did not have a "fair" opportunity to present his Fourth Amendments claims in state court "because the facts as established demonstrated that the search was illegal"; (3) "the outdated and obsolete judicially-created preclusionary doctrine established in [*Stone*] . . . has been absorbed and superseded by the Legislatively-enacted AEDPA revisions to the presumptions of correctness"; and (4) the Magistrate Judge's "ultimate conclusion" that his Fourth Amendment claims should be dismissed is incorrect.

Upon review, however, this Court agrees with the determination of the Magistrate Judge that the petition lacks merit. The Magistrate Judge correctly found that petitioner's search and seizure claims under the Fourth Amendment are not cognizable on *habeas* review. None of petitioner's objections demonstrates otherwise. In particular, petitioner points to no authority supporting his assertion that the holding in *Stone* has been abrogated, and he has not persuasively shown that he did not have a full and fair opportunity to litigate his claims in state court. Indeed, as the Magistrate Judge pointed out, petitioner's Fourth Amendment claims were fully considered by the state trial court in the context of a hearing on petitioner's motion to suppress, and petitioner's claims were also considered by the state appellate court on appeal. For the reasons stated by the Magistrate Judge, petitioner's Fourth Amendment claims lack merit.

Furthermore, petitioner does not specifically object to the determination of the

Magistrate Judge that his claim for ineffective assistance of counsel lacks merit.  The Court agrees with the Magistrate Judge's determination in this regard as well.

**Conclusion**

Accordingly, this Court accepts the Report and Recommendation of Magistrate Judge Vecchiarelli finding that petitioner's claims lack merit.  For the reasons stated by the Magistrate Judge, the pending petition for a writ of *habeas corpus* is hereby dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
                                                United States District Judge

Dated: 5/6/13